**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

SYLVESTER
HENRY,

                    **Plaintiff,**

       **v.**                                CASE NO. 09-3213-SAC

**RICHARD FOGLE,**

                    **Defendant.**

### O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by plaintiff while he was an inmate of the Winfield Correctional Facility, Winfield, Kansas (WCF). Having examined the materials filed, the court finds as follows[1].

### **MOTION TO PROCEED IN FORMA PAUPERIS**

Plaintiff filed a motion for leave to proceed without prepayment of fees (Doc. 2)(IFP motion), while he was a prisoner. Since then, the court has received a Notice of Change of Address, which indicates he has been released from prison. 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Mr. Henry did not

---

[1] Mr. Henry attempted to bring this action once before, but the case was dismissed without prejudice for lack of prosecution and due to his failure to keep the court apprised of his current address.

provide a certified copy of his institutional account for the requisite six-month period with his motion.  However, since he is no longer a prisoner, this document cannot be required at this time.  The court thus finds, based on the information currently before it, that plaintiff is without funds to pay the filing fee, and his IFP motion should be granted pursuant to 28 U.S.C. § 1915(a)(1).

**SCREENING**

"28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss the complaint of a party proceeding IFP whenever the court determines that the claims are frivolous[2]," malicious or fail to state a claim.  Id.; Fogle v. Pierson, 435 F.3d 1252 (10th Cir. 2006).  Plaintiff seeks redress from a government employee for events that occurred while he was a prisoner.  See 28 U.S.C. § 1915(A).  Having screened all materials filed, the court finds the complaint should dismissed for reasons that follow.

**FACTUAL BACKGROUND AND CLAIMS**

Plaintiff claims that defendant Fogle denied his right of access to the courts and improperly handled his legal and official

---

[2]   § 1915(e)(2) provides in pertinent part:

. . . [T]he court shall dismiss the case at any time if the court determines that –

    (A) the allegation of poverty is untrue; or

    (B) the action or appeal–

        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

Id.

2

mail. In support, he alleges that in February and March of 2009, Fogel "and his associates" denied him access by the following acts. Plaintiff was informed he owed a significant amount of money for prior postage credit, and that his legal mail must be unsealed when submitted for mailing for cursory examination to determine that it qualified as legal mail. He was also required to follow regulations concerning the mailing of letters without prepaid postage, including that he must weigh and state the amount of postage required. A few of his mailings were delayed due to his failure to follow this procedure. He also alleges Fogel informed him that his "$50 of copying tickets" from ECF were not worth anything.

Henry states that he filed an "emergency grievance" to the Attorney General and the Secretary of Corrections, but received no reply. On this basis, he claims he has exhausted his administrative remedies.

Plaintiff requests that defendant Fogle be removed from his position. He also seeks damages for denial of the use of his ECF "copy tickets". In addition, he asks the court to enforce the law of confidentiality between attorney, client, and courts.

**FAILURE TO STATE CLAIM OF DENIAL OF ACCESS**

It is well-established that a prison inmate has a constitutional right of access to the courts. However, to state a claim of denial of that right, the inmate must allege facts demonstrating that his efforts to pursue a non-frivolous legal claim were hindered, causing him "actual injury." Lewis v. Casey, 518 U.S. 343, 348, 350 (1996). He may do so by alleging actual prejudice to contemplated or existing litigation, such as the

3

inability to meet a filing deadline or to present a claim, or that a nonfrivolous legal claim has been dismissed, frustrated or impeded. Id. at 350, 353. Pro se pleadings are to be liberally construed, but "this does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff has not alleged that any particular non-frivolous court case of his was actually hindered by the actions of defendant Fogle. He has thus failed to allege the essential element of a denial of access claim of an actual injury. The court finds plaintiff's factual allegations are not sufficient to state a claim of denial of access.

**FAILURE TO STATE CLAIM REGARDING LEGAL AND OFFICIAL MAIL**

Plaintiff complains of defendant Fogle having required that he leave his outgoing legal and official mail unsealed for a "cursory" inspection. Henry's own allegations and exhibits indicate this procedure is employed when an indigent inmate owes a significant amount of money for postage fees. None of the facts alleged by plaintiff, taken as true, indicate any of his legal mail was improperly censored or impeded in violation of his constitutional rights. Instead, the facts indicate that defendant Fogle explained the procedures and the rationale for applying them to plaintiff, and that Fogle properly required his adherence to rational policies. The court finds this claim is frivolous on its face.

**FAILURE TO PROPERLY EXHAUST ADMINISTRATIVE REMEDIES**

It also appears from the materials filed by plaintiff and his

own allegations that he has not properly and fully exhausted the available administrative remedies on all his claims. Plaintiff may have filed an emergency grievance, but does not show that this was the proper procedure for his claims, and the administrative responses exhibited by him indicate it was not. Since, it appears from the face of plaintiff's filings that he did not properly and timely exhaust, this action is also subject to being dismissed for failure to exhaust.

**INAPPROPRIATE CLAIMS FOR RELIEF**

Finally, the court notes that plaintiff is not entitled to the relief that he has specifically requested. This court has no authority to remove defendant Fogle from his employment. Plaintiff alleges no facts and presents no authority to support his claim for damages based on the nonacceptance of his ECF "copy tickets". Nor do the facts alleged show that any right to confidentiality plaintiff may have had during his incarceration was violated.

For all the foregoing reasons the court finds this action must be dismissed for failure to state a claim for relief under 42 U.S.C. § 1983. The court further finds that allowing plaintiff to amend his complaint would not produce a different result.

**IT IS THEREFORE ORDERED** that plaintiff's motion to proceed without prepayment of fees (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that this action is dismissed for failure to state a claim of denial of access, for failure to state sufficient facts to support a constitutional claim of interference with mail, for failure to support the claims for relief, and for

failure to properly and fully exhaust administrative remedies.

**IT IS SO ORDERED**.

Dated this 28th day of October, 2009, at Topeka, Kansas.


<u>s/Sam A. Crow</u>
U. S. Senior District Judge